IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-85290 |
| | ) | |
| CHARLES ROBERT WELSHIEMER and | ) | CH. 7 |
| DELORES E. WELSHIEMER, | ) | |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Omaha, Nebraska, on November 21, 2006, regarding Filing No. 19, Motion to Dismiss Case, filed by U.S. Bank National Association, and Filing No. 20, Objection, filed by the debtors. Howard T. Duncan appeared for the debtors and Brandon Tomjack appeared for U.S. Bank National Association.

This Chapter 7 case was filed on October 14, 2005. At the time the petition was filed, the debtors had failed to file tax returns for several years. U.S. Bank National Association ("Bank") has filed an adversary proceeding against the debtors requesting a determination that the obligation owed to it by the debtors be deemed non-dischargeable and that the debtors be denied a discharge of all of their debts. In the adversary proceeding, the Bank requested production of tax returns and, after the court ordered the debtors to provide copies of such returns, they did so in October and November of 2006, more than a year following the filing of the petition.

After receiving some, but not all, of the returns requested, the Bank then filed this motion to dismiss in the bankruptcy case. Relying upon Nebraska Rule of Bankruptcy Procedure 4002-1, which requires the filing of delinquent tax returns within thirty days of the petition date unless an extension of time for filing has been granted by the court, the Bank asserts that the debtors obviously did not comply with the rule and the sanction for failure to comply should be dismissal of the case.

The local rule does not specifically provide for dismissal as a sanction for failure to comply. The sanction, if any, is left to the discretion of the court.

In this case, although the Bank has had a difficult time getting the documents it has requested, the debtors did provide the Bank with several years of returns prior to the motion to dismiss being filed. Following the filing of the motion to dismiss, the debtors provided the balance of the delinquent individual tax returns to the Bank.

Although the debtors are pushing their luck with their failure to timely comply with the request for production of documents and the court order which required compliance, under the circumstances of this case as it now stands, the sanction of dismissal is not warranted. The Bank has the tax returns that it has requested from the individuals, and counsel for the debtors, in the adversary proceeding, has promised that the debtors will prepare, file, and provide copies to the Bank of tax returns required to be filed by related entities. In the adversary proceeding, the court has given the debtors a deadline for complying with that promise.

IT IS ORDERED that the motion to dismiss (Fil. #19) is denied without prejudice. If the

debtors fail to comply with the requirement that they provide entity tax returns by a date certain as ordered in the adversary proceeding, the debtors will be subject to the entry of non-dischargeability orders, denial of discharge, and perhaps an order dismissing the case.  The sanction will be entered after considering the harm to the debtors, whether the debtors have intentionally failed to comply with orders of the court, and harm to the creditor if the sanctions are not imposed.

DATED this 5th day of December, 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
        Howard T. Duncan
        *Brandon R. Tomjack
        United States Trustee

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.